[Department Two. — March 12, 1883.]

E. S. NEWELL ET AL., APPELLANTS, v. THOMAS DES-MOND, SHERIFF OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

NEW TRIAL — STATEMENT — SPECIFICATIONS. — Under section 659 of the Code of Civil Procedure, a specification of insufficiency in the evidence is only required to be full enough to enable the court to understand the question presented.

ID.—DISCRETION OF THE COURT.—An order granting a new trial will not be reversed unless it appear that the discretion of the court has been abused.

PARTNERSHIP—FICTITIOUS NAME—SALE OF THE INTEREST OF ONE PARTNER—STATUTE OF FRAUDS.—Where one of two partners sells to a third person his interest in a stock of goods belonging to the partnership, there must be an immediate delivery and continued change of possession as required by section 3440 of the Civil Code, or the sale will be void as to creditors, and it is immaterial that the business of the partnership is conducted under a fictitious name.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The action was replevin to recover certain goods and chattels alleged to be the property of the plaintiffs as partners doing business under the fictitious name of H. Keller & Co. The goods were seized by the defendant under an execution against one Cadman, through whom the plaintiffs derived their title. The business was established by Cadman, who subsequently sold an interest to Max H. Fay, one of the plaintiffs, and thereafter the business was carried on by them as partners, until Cadman sold or pretended to sell his remaining interest to the plaintiff Newell. The fictitious name above mentioned was used from the beginning, and it appeared that Cadman continued to act in the conduct and management of the business until the seizure by the sheriff. There was also evidence showing that after the sale to Newell, Cadman acted merely as the agent of the plaintiffs. The court found in favor of the plaintiffs, and rendered judgment accordingly, but on motion of the defendant a new trial was granted. The motion was heard on a statement of the case, and the only specifications relating to the insufficiency of the evidence were that the *court erred* in failing to find certain facts shown by the evidence as to the fraudulent character of the sales by Cadman, and the want of any delivery or change of possession.

*George W. Tyler,* for Appellants.

1. Upon this transcript neither the court below nor this court can legally grant a new trial upon the ground that the findings or decision is not sustained by the evidence.

Section 659, Code Civ. Proc., provides: "When the notice of the motion (for a new trial) designates as the ground of the

motion the insufficiency of the evidence to justify the verdict or other decision, the statement *shall* specify the *particulars* in which such evidence is alleged to be insufficient."

In the case of *Brumagin* v. *Bradshaw*, 39 Cal. 24, this court after the most elaborate argument construed this language. (See pages 33 and 34.)

That case was cited with approval in the case of *Harding* v. *Vandewater*, 40 Cal. 82, 83, and the authority of that decision has never been questioned. (See also *Eddelbuttel* v. *Durrell*, 55 Cal. 277; *Strang* v. *Ryan*, 46 Cal. 33; *Doherty* v. *Enterprise M. Co.* 50 Cal. 187; *Morris* v. *De Celis*, 51 Cal. 55.)

The statement contains only specifications of the particulars in which it is claimed the court erred on the trial. This court has decided that this cannot be considered as "specifications of the particulars wherein the evidence was insufficient." (*Smith* v. *Christian*, 47 Cal. 18; see also *Hill* v. *Weisler*, 49 Cal. 146; *Coleman* v. *Gilmore*, 49 Cal. 340; *Beans* v. *Emanuelli*, 36 Cal. 117; *Kusel* v. *Sharkey*, 46 Cal. 3; *Reamer* v. *Nesmith*, 34 Cal. 624; *Pralus* v. *Pacific M. Co.* 35 Cal. 30; *Butterfield* v. *C. P. R. R. Co.* 37 Cal. 381.)

It seems, therefore, that upon the first point the order of the court below should be reversed, but in case the court should think differently, we say:—

2. The rule in regard to delivery and change of possession does not apply to a case of this kind, where business is carried on under a fictitious name, and the names of the real owners are never used or known in the business.

It has been truly said that "the reason of the law is the soul of the law," and it is a maxim that "when the reason of a rule ceases the rule itself ceases."

The reason of the rule established by section 3440 of the Civil Code is this: "To prevent a person from having a fictitious credit." The object of the rule is "to give evidence to the world of the claims of the new owner." (53 Cal. 626.)

The sole object of establishing the rule was to protect the public from persons getting credit upon property in their possession which did not in fact belong to them.

Now, in this case, no credit was given to any particular *person*, but to the *firm* of "H. Keller & Co."

Cadman did not hold out any false colors to the public. No one, apparently, gave the firm any credit on account of Cadman.

No one could possibly be deceived, and therefore the rule does not apply.

*J. P. Dameron,* and *J. W. Carter,* for Respondent.

PER CURIAM. — First. The assignment of errors in the statement on motion for new trial contained a specification of the particulars in which the evidence was alleged to be insufficient, full enough to enable the court to understand the question presented, and that is the substantial object of the statute. There is a sufficient compliance with section 659, Code of Civil Procedure.

Second. That the business had been conducted by Fay and Cadman under the old name of Keller & Co. is no reason why Cadman when he pretended to sell his interest to the plaintiff Newell should not have complied with the requirements of section 3440 of the Civil Code.

The court, upon the evidence, saw sufficient reason for granting a new trial, and therefore made the order appealed from. According to the well-settled rule of this court such an order will not be interfered with unless the court below abused its discretion in making it. There is not the least evidence that there was such abuse of discretion, and the order should be, and is, affirmed.