[No. 14707.    Department One. — July 12, 1892.]

# W. J. BROWN, APPELLANT, v. E. F. O'NEAL, RESPONDENT.

STATUTE OF FRAUDS — SALE OF PERSONAL PROPERTY OWNED IN CO-TENANCY — CHANGE OF POSSESSION. — Although the statute of frauds is not applicable to a sale by a joint owner or co-tenant of personal property of his interest to a third party, where his co-owner has exclusive possession, yet where one of the co-owners of personal property, who is in the sole possession thereof, sells his interest therein to a third party, there must be an immediate delivery, followed by an actual and continued change of possession, as required by section 3440 of the Civil Code, or the sale will be void as to his creditors.

ID. — FRAUDULENT TRANSFERS — ATTACHMENT BY SUBSEQUENT CREDITOR — CONSIDERATION — GOOD FAITH. — A transfer of personal property which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession, is fraudulent and void as against the claim of any creditor who is such creditor during any of the time the person making the transfer remains in possession, and such creditor may cause the property to be seized in the same manner as he might have done had there been no attempted transfer by the debtor. The consideration paid by the purchaser or the good faith of the transaction cannot be inquired into for the purpose of evading the force and effect of the law declaring such transfer fraudulent and void.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

J. M. Wilcoxon, and Wilcoxon & Bouldin, for Appellant.

The court erred in holding that the sale of R. S. Brown to plaintiff was within section 3440 of the Civil Code, or the statute of frauds, and void. The possession of Tay-

lor was the possession of plaintiff, and from the time of the sale, the property was in Taylor's possession, and the possession of one joint tenant being the possession of the other, the plaintiff at all times after the transfer was in the possession of the horse. (Freeman on Cotenancy, sec. 219; Freeman on Executions, sec. 153; *Walling* v. *Miller*, 15 Cal. 38.) The Bank of San Luis Obispo was not a creditor until over a year subsequent to the sale to plaintiff, and consequently is not in a position to attack the sale. (See *Horn* v. *Vol. W. Co.*, 13 Cal. 62, 72; 73 Am. Dec. 569.) The judgment, upon the findings, should have been for the plaintiff. The sale was *bona fide*, for value given, and such possession transferred as the nature of the property would admit of; and the title vested in the vendee on February 5, 1890, more than a year before the indebtedness accrued upon which it was attached. (*Williams* v. *Lerch*, 56 Cal. 330.)

*Graves & Graves*, for Respondent.

The rule that a tenant in common of personalty may sell his interest, and the vendee will acquire a good title, as against creditors of the vendor, without delivery of possession, does not apply to cases where the tenant in common, as in this case, is in the sole possession. (Freeman on Executions, sec. 153; Freeman on Cotenancy, sec. 167; *Brown* v. *Graham*, 24 Ill. 630.) Where a co-owner sells to a third person his interest in the common property, there must be an immediate delivery and continued change of possession, as required by section 3440 of the Civil Code, or the sale will be void as to creditors. (*Newell* v. *Desmond*, 63 Cal. 243.) Owners in common of personal property have each an independent, though undivided, interest therein, and are equally entitled to possession, and each has the right to dispose of his own undivided share without the consent of the other. In case of a sale by a co-owner, the vendee becomes a tenant in common with the other, and if he has actual possession, has a right to maintain that possession against the other. (Schouler on Personal Property, 196, 197.)

Appellant's proposition, that the Bank of San Luis Obispo was not a creditor of the vendor until over a year subsequent to the sale, makes no difference, for section 3440 of the Civil Code "denounces as fraudulent and void, as against the claims of a creditor who is such creditor during any of the time that the person who made the transfer remains in possession, after a transfer which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession." (See *Watson* v. *Rodgers*, 53 Cal. 401; *Edwards* v. *Sonoma Valley*, 59 Cal. 148.)

BELCHER, C. — This is an action to recover possession of a horse, alleged to have been wrongfully taken by the defendant from the plaintiff, or in case delivery cannot be had, for the value of plaintiff's one-half interest in the animal, and damages for its detention.

The facts of the case, as found by the court below, are substantially as follows:—

On February 5, 1890, R. S. Brown and W. H. Taylor were the joint owners of a stallion, each owning a half interest. Taylor was an invalid, and Brown, by agreement between them, had possession of the animal, and was to manage him during the breeding season of that year, lasting from February 1st to July 15th, and after paying all expenses, divide equally the proceeds arising from his services.

On the day named Brown sold, and by bill of sale conveyed, all his interest in the stallion to W. J. Brown, the plaintiff, for the sum of $650, which sum was paid by plaintiff at the time. Taylor was spoken to about the sale at the time it was made, and refused to give his consent thereto unless the seller should retain possession of the stallion. Plaintiff consented to this arrangement, and the horse remained in possession of R. S. Brown until about February 1, 1891, when Taylor, plaintiff, and R. S. Brown entered into a new agreement, whereby the latter was to have the possession, control, and management of the stallion during the breeding season of that year, and pay

all expenses of his keeping, care, and management, and receive one third of the proceeds derived from his services, and the other two thirds of the proceeds were to be equally divided between Taylor and the plaintiff.

On March 15, 1891, R. S. Brown and P. W. Murphy, jointly executed their promissory note to the Bank of San Luis Obispo for the sum of $1,057.30, due one day after date. On April 7, 1891, the note not being paid, the bank commenced an action thereon in the superior court of San Luis Obispo County, and took out a writ of attachment. The writ was placed in the hands of the defendant, who was then the sheriff of the county, and under it he as such sheriff levied upon, seized, and took into his possession the said stallion.

The value of the stallion was three thousand dollars, and the levy of the attachment upon him, as aforesaid, constitutes the taking alleged in the complaint.

The plaintiff demanded the return of the animal to himself, and his demand being refused, he commenced this action on April 10, 1891.

Upon these facts the court below gave judgment for the defendant, and the plaintiff appeals on the judgment roll.

The first question presented for decision is, was the sale void, as against the creditors of the seller, under the provisions of section 3440 of the Civil Code? That section is as follows: —

"Every transfer of personal property . . . . is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession," etc.

Appellant contends that this section has no application to the case, for the reason that "the property sold — an undivided interest in a stallion — was not capable of delivery"; and as the other joint owner objected and re-

fused to consent to a change of possession of the animal, no actual change was necessary. "In other words," he says, "his position is that the possession of Taylor was the possession of plaintiff, and that from the time of the sale the property was in Taylor's possession; and the possession of one joint tenant being the possession of the other, that plaintiff at all times after the transfer was in possession of the horse."

If Taylor had sold his interest in the horse, and one of his creditors had afterwards taken it under attachment, the rule invoked would have been applicable, but it is not applicable to the facts shown here. · The law on this subject is stated in Freeman on Cotenancy, sec. 167, as follows: "If A and B together own personal property of which A is in actual possession, and B sell his moiety to C, the possession of A immediately becomes the possession of C also. Therefore, being at once, by presumption and construction of law, put in possession as tenant in common with A, it is not necessary that C should take actual possession with A to make his purchase good under the statute of frauds, as against the creditors of B. If A, the co-tenant in possession, had sold his interest, then the sale should have been followed by an actual change of possession, because there was no co-tenant whose actual possession ·could have operated for the benefit of A's vendee." And again, in his work on Executions, sec. 153, the same author says: "If the co-tenant selling is in the sole possession, he ought to give possession to his vendee; but if the other co-tenants are in possession, the vendor has 'no right to take it from them. He may, therefore, from necessity, make a valid sale without placing the property in the custody of his vendee." (And see *Brown* v. *Graham*, 24 Ill. 630, and *Newell* v. *Desmond*, 63 Cal. 242.)

The law being as above stated, it is clear that. judgment was properly entered against the appellant, unless his second contention can be sustained. That contention is, that the Bank of San Luis Obispo was not a creditor of Brown until more than a year after the sale, and con-

sequently was not in a position to attack the sale. And it is said: "The statute, we think, visits no such penalty upon a *bona fide* purchaser as to declare a transfer void as to subsequent creditors."

The obvious answer to this position is, that the statute, section 3440 of the Civil Code, "denounces the transfer as fraudulent and void, as against the claims of a creditor who is such creditor during any of the time that the person who made the transfer remains in possession, after a transfer which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession. Such a transfer being void as to the creditor, he may cause the property to be seized in the same manner as he might have done had there been no attempted transfer by the debtor." (*Watson* v. *Rodgers*, 53 Cal. 401.) The law is so written, and though it may sometimes seem to work a hardship, the courts cannot evade its force and effect by an inquiry into the consideration paid by the purchaser, or the good faith of the transaction. (*Woods* v. *Bugbey*, 29 Cal. 467.)

It results that the judgment should be affirmed, and we so advise.

Haynes, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

Garoutte, J., Harrison, J., Paterson, J.