In re TAYLOR.

(District Court, N. D. California. July 29, 1899.)

No. 2,872.

BANKRUPTCY—ASSETS OF ESTATE—PROPERTY FRAUDULENTLY SOLD.

Where a debtor makes a sale of certain of his personal property, but the same is fraudulent as to his creditors, under the statute of the state, because there is no delivery or change of possession, and he is afterwards adjudged bankrupt, title to such property vests in the trustee in bankruptcy for the benefit of the estate, notwithstanding that the sale was made more than four months before the filing of the petition in bankruptcy; and he will not be ordered to deliver such property to the original purchaser or his vendee.

In Bankruptcy. On review of ruling of referee.
John B. Mhoon and S. B. McKee, for petitioner.
Clarence Crowell, for trustee in bankruptcy.

DE HAVEN, District Judge. This proceeding was commenced by a petition filed in this court by the John Nicholl Company, praying for an order directing the trustee to deliver to it certain personal property. The facts certified by the referee show that the bankrupt, Taylor, was the owner of the property described in the petition on September 20, 1897, and that on that day he sold the same to the petitioner's vendor; that such sale was not accompanied by an immediate delivery, nor followed by an actual and continued change of possession of the property sold, but, on the contrary, from thence until Taylor was adjudged bankrupt it remained in his possession. Upon these facts the sale must, under section 3440 of the Civil Code of this state, be conclusively presumed to have been fraudulent as to the creditors of Taylor, and the property attempted to be transferred thereby might at any time while it remained in his possession have been levied upon and sold under judicial process against him at the suit of any of his creditors. Brown v. O'Neal, 95 Cal. 262, 30 Pac. 538; Crocker v. Cunningham, 122 Cal. 547, 55 Pac. 404. This being so, when Taylor was adjudged bankrupt, the title to the property in controversy vested in the trustee under clauses 4 and 5 of section 70 of the bankruptcy act. Edmondson v. Hyde, 2 Sawy. 205. Fed. Cas. No. 4,285; Allen v. Massey, 17 Wall. 351; Southard v. Benner. 72 N. Y. 424. And this, too, notwithstanding the fact that the sale under which the petitioner claims was made more than four months before the filing of Taylor's petition to be adjudged bankrupt. This conclusion is the only one which will harmonize with the evident intent and purpose of the bankruptcy act that all property which. under the laws of the state, may be resorted to for the satisfaction of the bankrupt's debts, shall pass to the trustee as the representative of all the creditors. The ruling of the referee is affirmed, and the petition will be denied.