[Civ. No. 5397. Third Appellate District.—September 6, 1935.]

LEMUEL D. FOSS, Executor, etc., et al., Appellants, v. CENTRAL PACIFIC RAILROAD COMPANY (a Corporation) et al., Defendants; THOMAS A. STEEL et al., Respondents.

Pierce & Sherwin for Appellants.

Homer Lingenfelter for Respondents.

ROSS, J., *pro tem.*—Appellants sued to quiet title. Respondents asserted an interest in that part of the property involved in this appeal. As to that part of the property the judgment of the trial court was that appellants were the owners, subject to certain rights, easements and privileges owned by appellants and the nine respondents as tenants in common, a 369/540 interest belonging to appellants and a 19/540 interest to each of said respondents. From this portion of the judgment the appeal is taken.

The land was originally a patented placer mining claim. In 1878 the patentees deeded a part of it to three Fosses, predecessors of appellants, specifically reserving the mineral rights and necessary easements for mining. They also conveyed a limited right to use the remainder for "pasturage meadow and other agricultural purposes", and providing that mining operations were not to be interrupted, obstructed or interfered with.

Mulbry Foss at the time of his death was the record owner of the title granted by the deed of 1878 and also a 369/540 interest in the mineral rights and easements. Respondents succeeded to a 19/540 interest each in the latter rights from their deceased father, who owned of record a 171/540 interest in said mineral rights and easements.

In the Mulbry Foss estate proceedings, in 1920, by decree of distribution the land in question was distributed as one of the assets of his estate, without any mention of the mineral rights and easements, to appellants and a predecessor in interest of appellants.

Appellants then (in 1920) entered into possession and continued in possession, claiming to own said land in fee, in apparent good faith. They paid the taxes on the land, made improvements, used a small portion for a family cemetery, granted a right of way for a county road, enclosed the land with fences and excluded trespassers, and leased the property at times for pasturage and grazing. This action was com-

menced in December, 1930. Respondents in their answer asserted the 19/540 interest of each of them.

The question before this court has been aptly put by respondents in their brief.

"Where patentees of a placer claim by deed severed the title to the surface from the underlying minerals, reserving to themselves the mineral rights together with appurtenant easements, can successors in interest of the grantees of the surface title, who are also cotenants of record of the mineral rights and easements, acquire title by adverse possession against their cotenants of record of the mineral rights and easements by exclusive and continuous occupation of the surface for agricultural purposes for the prescriptive period under color of title of a decree of distribution purporting to distribute to them the property in fee?"

Appellants and respondents were cotenants of the mineral rights and easements. In cotenancy the possession of one is possession for all, unless there be an actual or constructive ouster (*Packard* v. *Moss,* 68 Cal. 123 [8 Pac. 818]).

Appellants entered under color of title based on the decree of distribution in the Mulbry Foss estate, but none of their acts of possession have been adverse to the reservations in the deed of 1878. This entry under color of title was not of itself an ouster as to the mineral rights reserved. In *Bath* v. *Valdez,* 70 Cal. 350 [11 Pac. 724], cited by appellants, the adverse claimants' holding under color of title of a deed was plainly an ouster of the record cotenants.

Where the title to the mineral rights has been severed from the title to the surface, possession of the surface by its owner is not adverse to the owner of the mineral below it. The surface owner cannot acquire title to the minerals by adverse possession based on his exclusive and continued occupancy of the surface alone (13 A. L. R. 369, note III; *Crowe Coal & M. Co.* v. *Atkinson,* 85 Kan. 357 [116 Pac. 499, Ann. Cas. 1912D, 1196]).

The act of the surface owner in paying the taxes on the land containing the minerals does not constitute adverse possession of the minerals (*Pond Creek Coal Co.* v. *Hatfield,* 239 Fed. 622). The fact that the owner of the minerals does not pay the taxes on the minerals is not in derogation of his claim to their ownership, where the minerals are not separately assessed, and the taxes charged against the land are

not increased by reason of the existence of the minerals (*Crowe Coal & M. Co.* v. *Atkinson, supra*). These rules seem to apply to the facts of the instant case.

■ The mineral rights and easements reserved by the deed of 1878 were not lost by nonuser (secs. 806 and 811, Civ. Code). ''The easement having been acquired by deed no length of time of mere non-user will operate to impair or defeat the right.'' (*Gardner* v. *San Gabriel Valley Bank*, 7 Cal. App. 106 [93 Pac. 900].)

■ None of the various acts of possession and ownership by the appellants has been adverse to the rights of respondents to the subsurface minerals. The establishment of the family cemetery is urged as a strong point, but there is no assertion of rights to the minerals in this act, and there is no showing that it would ever interfere with mining operations.

■ Appellants complain of contradictory findings. The court found that plaintiffs ''have been in the actual possession of all the real property described in the complaint continuously for more than twenty years prior to and up to the filing of the complaint in this action, and have claimed during all of said time to own the same and the whole thereof in fee simple absolute against the whole world''. The court then found that it was not true that plaintiffs ''have been in the exclusive and/or adverse possession of the real property in said complaint described in said parcel No. 1 for . . . or during any period of time, or at all''.

These findings harmonize when examined in connection with the facts of the case. The court found the admitted fact that appellants were in actual possession, claiming to own in fee, but that it was not exclusive or adverse as to mineral rights owned in cotenancy with the respondents.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.