[Civ. No. 10883. Second Appellate District, Division Two.—June 10, 1936.]

ERNEST E. HINMAN, Respondent, v. FRANCIS P. CONARD, Appellant.

M. A. Woodward for Appellant.

Henry G. Bodkin for Respondent.

CRAIL, P. J.—This is an action to recover for services rendered. The complaint contains three counts—one on an open book account, one for the reasonable value of the services, and the third on an express contract. The answer of the defendant was first a denial, and second a separate and affirmative defense of estoppel. The court found for plain-

tiff on the second count. It is from this judgment the appeal is taken.

Defendant on August 1, 1932, employed plaintiff to work as a gardener and plaintiff's wife to work as a domestic and agreed to pay plaintiff $100 monthly and plaintiff's wife $50 monthly. The plaintiff and his wife were also to have the use of a four-room house on the defendant's premises, together with water and light. This agreement was carried out by the parties during the months of August and September. There is a sharp conflict in the evidence as to what then happened. The plaintiff contends that the defendant told him defendant's income had stopped temporarily and that he could pay the plaintiff's wife her $50 per month, and if they could get along on that it would be a matter of six months or a year, and then when his income started again he would make up to the plaintiff his $100 per month. The defendant, on the other hand, contends that he found plaintiff was wholly without experience as a gardener and that when defendant discovered this fact plaintiff agreed to the reduction in salary without any agreement whatever as to making up the $100 per month, the plaintiff's wife to get the $50 per month and he and his family to have the use of the home. Defendant paid plaintiff's wife $50 per month during the entire term of the employment which terminated July 15, 1935, and furnished the home. Plaintiff received no monetary consideration from defendant from October 1, 1932, to April, 1933. Commencing with May, 1933, and continuing to July 15, 1935, defendant paid plaintiff and plaintiff received the sum of $20 monthly. The plaintiff and his wife continued to work for the defendant and they saw and conversed with the defendant practically every day during the thirty months to the end of the hiring and accepted his checks and the use of the home each month without any protest or any demand for back wages during all said time, and the plaintiff never made any demand for the back payments until after he was finally notified of his discharge. The defendant contends that during all said time the plaintiff by his acts and conduct and conversations led the defendant each month to believe that he was accepting his payments in full to date, and had the defendant not believed he was paying them in full he would have dismissed the plaintiff and not obligated himself for the higher wage. ■ The importance of the defense of estoppel is apparent, but the trial court

made no finding whatever thereon. The defendant contends that the trial court erred in failing to properly consider the defense of estoppel and to make a finding thereon.

The answer of the plaintiff to this contention is that no findings were necessary on this special affirmative defense for the reason that such defense was inconsistent with the findings actually made upon the complaint and the denials of the answer, citing *Wells* v. *Porter Estate,* 205 Cal. 776 [272 Pac. 1039], and *Hulen* v. *Stuart,* 191 Cal. 562, at page 571 [217 Pac. 750], where the court says: "We are entitled to draw necessary inferences from findings in order to support a judgment. (*Lomita Land & Water Co.* v. *Robinson,* 154 Cal. 36, 49 [18 L. R. A. (N. S.) 1106, 97 Pac. 10].) From the facts found, and from the judgment ordered, it is evident, *in the light of the entire record,* that if more complete findings had been made they would have been adverse to the contentions of the appellant. If that be so, the failure to find further is not a ground for the reversal of the judgment. (*Krasky* v. *Wollpert,* 134 Cal. 338, 342 [66 Pac. 309].)" The finding of the trial court that there was a contract implied by law to pay the reasonable value of services is not at all inconsistent with a further finding that the plaintiff by his acts and conduct estopped himself from demanding the reasonable value of his services.

The instant case is more in line with the case of *Taylor* v. *Taylor,* 192 Cal. 71, at page 81 [218 Pac. 756, 760, 51 A. L. R. 1074], where the court says: "The system of express findings (secs. 632 and 633, Code Civ. Proc.), which prevails in this state, requires a finding when there is a material issue. This applies not only to issues raised upon allegations of the complaint, but issues raised upon affirmative defenses in the answer. (2 Hayne on New Trial, rev. ed., sec. 240, p. 1319, and cases there cited.) . . . The finding of the trial court that the allegations and averments of the special defense, which merely set up the divorce proceedings and the rendition of the judgment by the Nevada court, were true, did not, in the remotest sense, dispose of the issue of fraud relied upon by appellant to nullify such judgment in so far as it related to the existence of community property. The evidence bearing upon such issue has been brought here. Therefore, the court may not indulge in a presumption that, had findings been made on the subject of fraud, they must have been inconsistent with other findings actually made

and relied on by respondent to support the judgment. It is only in the absence of such evidence that the presumption may be indulged in.'' In the instant case the evidence is before us. We have read the entire record. And we are unable to say, as was said in *Hulen* v. *Stuart, supra,* that ''it is evident, in the light of the entire record, that if more complete findings had been made they would have been adverse to the contentions of the appellant''. Whether the plaintiff was estopped to assert his claim was a material issue for the trial court to determine and defendant was entitled to a determination of it.

■ Other contentions are raised by the defendant. We hold against the defendant on his contentions that the findings do not support the judgment, that the judgment is contrary to the law, that the evidence does not support the findings, that the plaintiff had elected to stand upon an express contract, that the judgment is against public policy, that the judgment is unconstitutional, that ''the trial court abused its discretion in taking plaintiff's word alone''. Other contentions made by the defendant will not arise in a second trial. ·

Judgment reversed.

Wood, J., and McComb, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 6, 1936.