[Civ. No. 6421.   Third Appellate District.—December 11, 1940.]

THOMAS HASTER, Respondent, v. A. L. BLAIR et al., Appellants.

C. H. Grayson and John Milton Thompson for Appellants.

Rowan Hardin for Respondent.

TUTTLE, J.—This action was brought to recover possession of certain mining machinery, tools and equipment. Findings were made in favor of plaintiff upon all issues, and judgment was entered in his favor for such possession, together with damages for the detention of said property. Defendants Blair and Metallic Mines, a corporation, appeal from the judgment, and also from an order denying their motion for new trial.

In 1929, J. W. Newell held under lease from A. G. Metz, certain mining property known as the "Longfellow Group". He was also, at that time, the owner of an adjoining claim known as the "Coolidge Mining Claim". During that year Newell organized what is designated as the "Newell Syndicate", the nature and character of which is not described in the record. It does appear, however, that he sold "units" in said claims, the exact number of which is not shown. Such units were conveyed by a grant and assignment of an undivided 1/60th interest in and to the said lease from Metz, and in the Coolidge Claim owned by Newell. The deed covered all interest of the first party "in machinery and equipment used in connection with said claim or any of the above described properties". Newell remained in possession of said claims at all times, and operated the same for the "unit" holders. One of said "units" was sold to Metz, who thereafter assigned it to appellants. The record shows that plaintiff received one of said "units".

On October 31, 1931, J. W. Newell and four other "unit" holders executed a chattel mortgage to plaintiff, covering the following described personal property situated upon said mining properties:

1 Ingersoll Rand Compressor;
1 Rock Crusher and Motor;
1 complete ten stamp mill and motors;
1 tool sharpener;

2 electric water pumps;
1 Blacksmith shop and all equipment therein;
2000 feet car rails.

The mortgage was foreclosed, and plaintiff herein acquired whatever title the mortgagors had to said property. Two-thirds of the "unit" holders joined in the execution of said mortgage. Appellants, who were not parties thereto, refused to give possession, and this action was therefore brought.

It is first contended by appellants that they and the other "unit" holders owned said personal property as tenants in common, by reason of the "unit" deed which each received. ■ While definitions of tenancy in common generally relate to tenancy in common in real property, this tenancy can exist in personalty as well as in realty. (*Higgins* v. *Eva*, 204 Cal. 231–239 [267 Pac. 1081].) ■ Appellants then point to the well known rule that a mortgage or encumbrance by a co-tenant only affects his own interest in the property. (7 Cal. Jur. 360.) This statement of the law is correct, and is not controverted by respondent.

■ To meet the foregoing contention, respondent advances what he terms the following "doctrines of law":

"1st: That the transfer of an undivided interest in the equipment on the Coolidge Mine to Metz was void as to creditors while Newell remained in possession, as there was no change of possession.

"2d: That said A. G. Metz and the defendants claiming under him are estopped to question the title of plaintiff to said property under the chattel mortgage sale.

"3d: That a mining partnership in fact did exist between Metz, Newell, et al., and Metz was bound by the action of the majority interests of such partnership in the execution of said mortgage."

As to the first contention of respondent, it is based upon the provisions of section 3440 of the Civil Code, which renders conclusively void, as against an encumbrancer in good faith, any transfer of personal property which is not accompanied by an immediate and actual change of possession. It is undisputed that the transfer of the "unit" interest to the assignor of defendants was not accompanied by any actual change of possession of the personal property. It is also clear that plaintiff actually parted with value, having advanced the sum of $2,000 when the mortgage was executed.

The record shows that said sum was used for the payment of said personal property and other expenses connected with the mining operations; that said property was situated upon the Coolidge Claim which was owned by Newell (the deed being on record), and was in the actual possession of Newell; that said deed to Metz, conveying the "unit" interest, was never recorded; and that the chattel mortgage recited that the mortgagors "warrant that they are the sole and separate owners of all the within mentioned personal property, and that there are no liens or encumbrances or adverse claims of any kind whatever on any part thereof".

It is the contention of appellant that there is no evidence in the record to show that plaintiff acted in good faith, and that the only inference to be drawn is that he had notice of the interest of Metz in said personal property. We are unable to come to that conclusion. The court could (as it did), well conclude that plaintiff had no knowledge of any claim which Metz might have as a "unit" holder when the mortgage was executed. The case of *Brown* v. *O'Neal*, 95 Cal. 262 [30 Pac. 538, 29 Am. St. Rep. 111], relied upon by respondent, supports his contention, and no attempt to distinguish it is made by appellants in their closing brief. There, two parties owned a stallion in common. One of them sold his interest to a third party for $650. There was no change of possession, the stallion remaining in the possession of the original tenant in common, whose creditor attached and sold the animal under an execution. The party who purchased the interest then brought suit to recover possession. It was held that plaintiff could not recover, as there was no change of possession to him from the tenant in common whose interest he purchased, and the latter remained in possession at all times. In other words, where the tenant in common is in possession of the property, and he transfers his interest to another without a transfer of possession, section 3440 of the Civil Code may be invoked to protect a creditor of that other, and the property may be seized in the same manner as though there had been no attempted transfer. In the instant case, Newell, who was a tenant in common in possession, transferred a "unit" interest to the predecessor of defendants, but there was no transfer of possession. Plaintiff, an encumbrancer in good faith, was entitled to proceed against the property notwithstanding such transfer.

It is contended by appellant that Newell could not sell an interest in the machinery to Metz because it was acquired after the Syndicate was formed. There is nothing in the record to show the date of the formation of the Syndicate, nor any details concerning it. The deed to the "unit" acquired by Metz covers "machinery and equipment", and the instrument is dated October 21, 1929. The mortgage was dated some two years thereafter. It is also contended that Newell could not transfer an interest in the machinery because it belonged to the Syndicate, not to him. There is no evidence that there was any transfer of the machinery by Newell to any Syndicate. So far as we can ascertain from the record, he called himself a Syndicate, and proceeded to issue deeds to the property in the form of "units". The points have no merit. We might add that the foregoing contentions, if they prevailed, would leave appellants without any interest in the personal property, as any interest they might have is derived from a "unit" conveyance from Newell.

It is unnecessary to discuss the other questions presented.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 10, 1941.