[Civ. No. 6579.   Third Dist.   Aug. 9, 1941.]

HARRY P. DIAMOND, Appellant, v. W. P. GRATH et al., Respondents.

Will H. Winston for Appellant.

Arthur E. Schifferman, Walter S. McEachern, Samuel J. Jones, William B. Anton, O'Brien, Dibert & Acton, Arthur F. Edwards, Jr., Caryl Warner, William H. Brawner and H. A. Andrews for Respondents.

SCHOTTKY, J., *pro tem.*—Appellant appeals from a judgment in favor of respondents, entered in a quiet title action. Appellant filed an action against a large number of defendants to quiet title to certain oil royalty interest. The complaint set forth that appellant was the owner of the property described therein; that defendants claimed an interest adverse to appellant; and then alleged further:

"That the plaintiff herein is holding title to the property herein described as Trustee for various persons named in a certain Agreement of Trust, which said Agreement of Trust is in writing . . . and reference is being hereby made to said Agreement of Trust for the names and interest of all said parties under said trust."

Only a few of the defendants appeared in the action. One filed a disclaimer and defaults were entered against others for failure to appear. The case came on for trial on October 6, 1938, and according to the bill of exceptions appearing in the transcript, the following proceedings were had:

Plaintiff and appellant was called as a witness by plaintiff and was asked: "Q. Are you the owner of the property described in the complaint, Mr. Diamond?" The objection of defendants that the question was incompetent, irrelevant and immaterial and calling for the conclusion of the witness was overruled by the court, and the witness answered, "I am." The witness was then asked: "Q. Are you the owner by reason of a certain trust agreement?" A similar objection by defendants was overruled, and the witness answered, "I am."

The witness was next asked: "Q. I show you, Mr. Diamond . . . what purports to be a trust agreement and ask you if this is the document by which you claim ownership and if it was signed by the parties whose signatures it purports to bear?" Objection was made that it was an attempt to prove ownership in the plaintiff as trustee under an alleged trust, whereby it would be shown that Mr. Diamond was not the owner of the property as alleged in the complaint, but was merely a trustee in a purported trust; also that the defendants

objected to any evidence with respect to the purported trust as a material variance, and that the action was not being prosecuted in the names of the real persons in interest. These objections were sustained. The trust agreement referred to was not received in evidence and is not in the record.

Plaintiff thereupon moved to amend his complaint, though the nature of the amendment does not appear in the record, which motion was denied by the court. Plaintiff then moved to dismiss the action as to the answering defendants only, which motion was opposed by the answering defendants and denied by the court. Plaintiff declined to proceed further and the answering defendants moved for judgment. The minutes of the court then show: "Judgment is ordered for answering defendants against plaintiff without prejudice. Judgment is ordered for plaintiff against defaulting defendants as prayed. Plaintiff is to prepare judgment."

Thereafter, on October 11, 1938, without any findings being filed, a decree quieting title was entered adjudging and decreeing that plaintiff was the owner of the property described in the complaint, that the defaulting defendants have no interest whatever in said property; that plaintiff is the owner of said property as trustee for various persons named in said agreement of trust; that it appearing the plaintiff is not the proper party plaintiff as against the appearing defendants (naming them), judgment is hereby entered on behalf of said appearing defendants, and they are entitled to recover their costs from plaintiff.

Thereafter, a motion was made by the appearing defendants to set aside the decree "upon the ground that the said judgment was a void judgment or order, there not having been signed any findings of fact or conclusions of law prior to its rendition." This motion was granted, the minutes stating that "the motion is granted and the judgment is set aside on the ground of misapprehension and misunderstanding in order to allow further argument. Plaintiff is given five days to prepare findings and judgment."

Thereafter on January 30, 1939, findings of fact and conclusions of law were made and entered, in which the court found as a fact that plaintiff is not the owner of the property or any interest therein, and as a conclusion of law that the answering defendants are entitled to judgment with their costs. A judgment was entered decreeing that plaintiff take

nothing against the answering defendants, respondents herein, but said judgment was silent as to the defendant who disclaimed and the remaining defendants, whose defaults had been entered.

■ Appellant's first contention is that the judgment is contrary to the law and the evidence. The record shows that only two questions were asked and answered. First, plaintiff was asked, "Are you the owner of the property described in the complaint?" and "Are you the owner by reason of a certain trust agreement?", both of which were answered in the affirmative after respondents' objections had been overruled. No further questions were allowed to be answered, so the foregoing was all the evidence before the court.

The court found that plaintiff is not the owner of the property described in the complaint, nor of any interest therein, and the conclusions of law and the judgment followed the findings of fact. The judgment stated that evidence was introduced and the cause submitted for decision and findings of fact and conclusions of law filed.

Respondents argue that the testimony of appellant that he was the owner was a legal conclusion and has no weight as evidence. However, the law is well settled that the ownership of property is, as a general rule, a fact to which a witness may testify. (*Skinner* v. *City of Los Angeles,* 5 Cal. (2d) 317 [54 Pac. (2d) 446].) The evidence of plaintiff may not be strong, but standing uncontradicted in the record, a finding that appellant had no interest in the property is clearly contrary to that evidence.

■ The allegations and evidence that plaintiff was the owner and that he was holding title as trustee created at most an uncertainty. There is no necessary inconsistency between the two statements, and when read together the only reasonable conclusion to be drawn from them would be that the plaintiff was claiming to be a trustee for various unnamed persons. The usual and better procedure, when such a situation became apparent in court, would have been for the court to require plaintiff to amend both the title and the body of the complaint to show clearly for whom he was trustee. Courts should be eager to have the facts in dispute brought out clearly so that litigation may be determined on its merits expeditiously and completely.

█ Appellant's next contention is that the court erred in denying his motion to amend his complaint. However, the record fails to show in what respect appellant was seeking to amend the complaint. Error is never presumed and an appellate tribunal is not justified in assuming what amendment was proposed by appellant. However, if appellant sought permission to show that he was prosecuting the action as a trustee for certain persons, the court should have permitted such an amendment, both in the title and body of the complaint.

█ Appellant next contends that the court erred in denying his motion to dismiss as to the appearing defendants. The rule is that a plaintiff has the right to dismiss a case as to all or any of the defendants at any time before the final submission of the case, "provided that a counter-claim has not been set up, or affirmative relief sought by a cross-complaint or answer of the defendant." The answers of the appearing defendants are not in the record and we are, therefore, not in a position to decide whether or not the motion to dismiss should have been granted.

█ Appellant contends further that the court erred in vacating the first judgment entered. The record shows that the respondents made a motion to set aside the first judgment "on the ground that such judgment was a void judgment or order, there not having been signed findings of fact and conclusions of law prior to its rendition."

█ No findings were made prior to the entry of the first judgment, as required by section 632 of the Code of Civil Procedure, and it is reversible error for a court to fail to make findings after the trial of an issue. In *Estate of Pendell,* 216 Cal. 384 [14 Pac. (2d) 506], at page 386, the following language from *Estate of Ingram,* 99 Cal. App. 660 [279 Pac. 208], was quoted:

"These latter sections (Code Civ. Proc. 632, 633) render it necessary for the court to make its decision in writing, i. e., to sign findings. It has been said by this court that 'the right to findings is a substantial right, as inviolate, under the statute, as that of trial by jury under the Constitution. "The right to have a material issue presented by the pleadings in a cause determined by a finding of the court is one important to the parties to a suit, and the failure to make such a finding

results in prejudicial error entitling the complaining suitor to a reversal.'' (*Huntington* v. *Vavra,* 36 Cal. App. [352] 355 [172 Pac. 166].)' ''

In *Stevens* v. *Superior Court,* 7 Cal. (2d) 110 [59 Pac. (2d) 988], it was said:

''While a court has power to correct mistakes in its records and proceedings, and to set aside judgments and orders inadvertently made, which are not the result of the exercise of judgment, it has no power, having once made a decision after regular submission, to set aside or amend for judicial error.'' (Citing cases.)

We think it unnecessary to prolong this opinion by any lengthy discussion of this question, because it is clear that even if the first judgment had been permitted to stand, it would have to be reversed because of the absence of findings. That being so, we are not prepared to hold that the trial court committed reversible error in vacating the first judgment on the ground of misapprehension and misunderstanding, although we are inclined to believe that the better procedure would have been to vacate the judgment on a motion for a new trial.

Numerous other points are discussed in the briefs, but in view of the fact that we are convinced that the judgment must be reversed, it is unnecessary to discuss them.

We believe that the judgment should be reversed and the case remanded for a new trial. It is so ordered.

Thompson, J., and Pullen, P. J., concurred.