[Civ. No. 2787.   Fourth Dist.   Sept. 15, 1941.]

PAUL BOLTON, Appellant, v. R. S. LOGAN, Respondent.

W. W. Kaye for Appellant.

Mayock & Lester and Welburn Mayock for Respondent.

MUNDO, J., *pro tem.*—The opinion delivered upon a former appeal herein (30 Cal. App. (2d) 30 [85 Pac. (2d) 546, 86 Pac. (2d) 365]) contains a sufficient statement of the nature of the controversy. In that opinion we held that the trial court should have admitted the decree of foreclosure and the sheriff's deed as evidence tending to prove defendant's title. They were muniments in an asserted title. (See *Barr* v. *Gratz's Executors,* 4 Wheat. (U. S.) 213 [4 L. Ed. 553].)

Upon the second trial the judgment roll in the foreclosure proceedings and the sheriff's deed given pursuant to sale thereunder, were received in evidence. According to *Purser* v. *Cady,* 120 Cal. 214 [52 Pac. 489], it is necessary, if not established by the complaint or the judgment of foreclosure, to establish by proper evidence the time at which the lien accrued. Here the complaint and the decree of foreclosure set forth these facts and it therefore was unnecessary for defendant to prove by other evidence the execution of the mortgage or its assignment.

Plaintiff in rebuttal sought to attack the foreclosure decree by introducing evidence over the objection of the defendant attacking the validity of the mortgage and the alleged collusion involved in its foreclosure. The court admitted this evidence but did not make a finding thereon. Judgment upon the second trial went for defendant and plaintiff appeals. The court properly admitted the evidence attacking the validity of the mortgage and the collusion involved in its foreclosure, but erred in not making a finding on this material issue. (*Bird* v. *Murphy,* 72 Cal. App. 39 [236 Pac. 154]; *Krug* v. *John E. Yoakum Co.,* 27 Cal. App. (2d) 91 [80 Pac. (2d) 492], citing *Title Insurance & Trust Co.* v. *California Development Co.,* 171 Cal. 173 [152 Pac. 542].)

For this reason the judgment is reversed and the cause remanded with instructions to the trial court to make findings as to the validity of the mortgage and the foreclosure and enter judgment accordingly.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 13, 1941.