[L. A. No. 18546.   In Bank.   May 3, 1943.]

MARIE KRUM et al., Appellants, v. CLAIRE E. MALLOY,
Respondent.

Luce, Forward, Lee & Kunzel for Appellants.

Mills & Wood for Respondent.

SCHAUER, J.—Plaintiffs sue to recover damages for the alleged wrongful deaths (Code Civ. Proc., §§ 376, 377) of John H. Krum and Robert Marvin Krum, who died from injuries sustained in a collision of automobiles. The trial court found that the collision and ensuing deaths were proximately caused by negligence of Paul Malloy, who also died from injuries received in the same accident. The crux of the case as it stands before us is the question as to whether defendant Claire E. Malloy, the nineteen-year-old son of Paul, is liable by imputation, under section 402 of the Vehicle Code, for Paul's (his father's) negligence. Judgment was rendered in favor of the mentioned defendant, and plaintiffs appeal on the judgment roll alone.

The statute (Veh. Code, § 402, formerly Civ. Code,

§ 1714¼) provides (in material part) that "*Every owner* of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same *with the permission,* express or implied, *of such owner,* and the negligence of such person shall be imputed to the owner for all purposes of civil damages." (Italics added.) Perusal of such statute discloses at once that the basic factual condition upon which it operates to impute to the owner (and thereby to *create* in him) liability for negligence of the operator is not mere ownership but is ownership plus "permission, express or implied, of such owner." The fact of permission is just as important as is the fact of ownership. If either is absent the statute does not operate. If the statute does not operate there is no liability in the premises.

Pertinent to the controverted matter the amended complaint alleged: "VI. That at all times mentioned herein the defendants, Clair[e] Malloy and Richard Malloy, together with one Paul Malloy, were the owners of a certain Chevrolet Sedan . . . and that at all times mentioned herein the said Chevrolet automobile was being driven by Paul Malloy *with the permission and consent of the said Clair*[e] *Malloy* and Richard Malloy." (Italics added.) In a separate answer defendant Claire E. Malloy joined issue on the foregoing allegation as follows: "Answering paragraph VI of said alleged first cause of action, defendant admits that Paul Malloy, mentioned in said paragraph, was the owner of the automobile therein mentioned and save and except as herein specifically admitted, defendant denies generally and specifically, each and every allegation therein contained." Such answer placed squarely at issue the averment that the offending automobile was being operated *with the permission* of the answering defendant. This was the crucial issue, as far as the matter before us at this time is concerned, but in its findings of fact the trial court failed to determine the same.

As the case is before us on the judgment roll alone we do not know the substance of the evidence which was produced on this subject, but from certain probative facts which are included in the findings it appears that some evidence

pertinent to the issue was received. The principal probative fact, so established and relevant to this matter, is "that at all times mentioned in the Complaint the defendant, Claire E. Malloy, and Paul Malloy were co-owners of a certain Chevrolet Sedan [the above-mentioned automobile]." The court also found that the defendant Claire was not present in the automobile when the accident occurred and that at that time Paul Malloy was operating the car "in his own right as a co-owner and not upon the business of Claire E. Malloy." From such findings the court drew the conclusion that defendant Claire was not liable to plaintiffs for Paul's negligence.

The finding that Claire and Paul were co-owners of the automobile is not the equivalent of a finding that Paul's operation of the car either was with, or was without, the permission of Claire. It is true that the power to permit is the correlative of the power to forbid (see *People v. Forbath* 1935), 5 Cal.App.2d Supp. 767, 769 [42 P.2d 108]), and that each owner of property in common is entitled to possess and use the whole property (*Ochoa v. McCush* (1931), 213 Cal. 426, 431 [2 P.2d 357]). It is also true that the possession of one co-owner is regarded as possession for all (*Foss v. Central Pac. R. R. Co.* (1935), 9 Cal.App.2d 117, 120 [49 P.2d 292]), but none is entitled to a possession or usage which *excludes* for any period of time a like possession or usage by his co-owners (*Wood v. Henley* (1928), 88 Cal.App. 441, 452 [263 P. 870]; *Johns v. Scobie* (1939), 12 Cal.2d 618, 623 [86 P.2d 820, 121 A.L.R. 1404]). The cases above cited, dealing with the incidents of co-ownership, arose from cotenancies in real estate, but as cotenancy may exist in personal property as well as in real property (*Higgins v. Eva* (1928), 204 Cal. 231, 239 [267 P. 1081]; *Haster v. Blair* (1940), 41 Cal.App.2d 896, 898 [107 P.2d 933]) their holdings are pertinent to our discussion. A co-owner, therefore, of an automobile, who desired its exclusive possession and usage for a time, would need the permission, express or implied, of his co-owners to that end.

In the absence of other evidence upon the issue, an inference normally would arise, upon proof of co-ownership and use of personal property by one co-owner, that such usage was lawful and with the consent of the absent co-owner, but this inference would not be conclusive. For example, one

of the owners in common of an automobile, who by agreement with his co-owner has no right to operate it, takes it without the knowledge or actual consent or negligent omission of his co-owner. He, the operator in this supposed example, who has never used the vehicle before, might not possess an operator's license; he might be an infant, an incompetent, an imprisoned felon, blind, or lacking other natural faculties. It would scarcely be a reasonable inference (from evidence showing merely the fact of co-ownership and a single, isolated usage) that one co-owner of an automobile had consented to the operation of the common property by another co-owner who did not possess an operator's license, or who was a four-year-old infant, a known imbecile, a prisoner who had escaped without the knowledge of the co-owner, or utterly blind. In other words, it is a question of fact in cases of co-ownership, as it is in cases of single ownership, whether the operation of an automobile is with or without the consent, express or implied, of an owner who is not personally participating in such operation. The mere fact of co-ownership does not necessarily or conclusively establish that the common owners have consented to any usage or possession among themselves of a type for which permission is essential. Indeed, the creation of the co-ownership itself may not have been by mutual consent. It could arise by operation of law, as by vesting of title by descent.

It was error for the court to neglect to find directly on the essential issue of whether Paul Malloy's operation of the automobile at the time of the accident was with, or was without, Claire E. Malloy's permission. Upon the record, particularly in consideration of the probative fact found as above set forth, we cannot assume that the omitted finding, if made, would have been adverse to plaintiffs. A reversal of the judgment is necessary. (See *Huntington* v. *Vavra* (1918), 36 Cal. App. 352, 355 [172 P. 166]; *Hinman* v. *Conard* (1936), 14 Cal.App.2d 540, 543 [58 P.2d 732]; *Bertrand* v. *Pacific Electric Ry. Co.* (1941), 46 Cal.App.2d 7, 9 [115 P.2d 228]; *Diamond* v. *Grath* (1941), 46 Cal.App.2d 443, 447 [116 P.2d 114]; *Bolton* v. *Logan* (1941), 46 Cal.App.2d 739, 740 [116 P.2d 801].)

It is, of course, too obvious to justify more than passing mention that on this appeal, with none of the evidence before us, we cannot ourselves make or direct a finding resolving the disputed issue of fact, either in favor of the defendant Claire

E. Malloy to support his judgment against the plaintiff or in favor of the plaintiff and supporting a judgment contrary to that which was rendered. The determination of such issue of fact must await the new trial.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

CURTIS, J., Dissenting.—I have not joined in the foregoing opinion for the reason that, as I view the case, the opinion fails to give adequate consideration to the one question upon which the case was tried and upon which the appeal was based. That question, as expressly stated by each of the parties, is as follows: "Where a father and a minor son are co-owners of an automobile, operated by the father in his own right as co-owner and not upon the business of the son, the son not being present in the automobile, is the son liable for the negligence of the father?" This question was elaborately argued by each of the parties, and a line of authorities was cited in support of their respective contentions. Yet this court by the foregoing opinion has indirectly decided this very question without the citation of any authority, and with no discussion of the authorities cited in the briefs of the respective parties.

I say that this court has indirectly decided this question, and in support of this assertion I refer to the following statement in the foregoing opinion: "In the absence of other evidence upon the issue, an inference normally would arise, upon proof of co-ownership and use of personal property by one co-owner, that such usage was lawful and with the consent of the absent co-owner." Neither party to this action contends that there was any evidence in the record to rebut this inference. On the other hand, they have each in their statement of the question before us set forth a complete statement of the facts upon which they rely, and this statement of facts contains nothing which would rebut the inference that the automobile was being driven by one co-owner with the consent of the other. The opinion reverses the judgment and sends the case back for a new trial. Upon such a trial the statement from the opinion just quoted will become the law of the case and will be decisive of the rights of the parties

unless the defendants are able to show a different state of facts than that which both the plaintiffs and defendants now agree is before the court in the present action.

This was the precise question argued by each of the parties before the District Court of Appeal and decided by that court. It was the precise and only question before us when we granted a hearing after the decision of the District Court of Appeal, and it is the only question raised by the parties in their respective briefs. The failure of the trial court to make a finding as to whether the father was operating the automobile at the time of the accident with the consent of his son was not raised in any manner by either of the parties, and consequently has not been either argued or briefed by either of them. For these reasons I renew my assertion that the present opinion is entirely inadequate to dispose of the issues before us.

I am further unable to agree with the statement in the foregoing opinion that "Indeed, the creation of the co-ownership itself may not have been by mutual consent. It could arise by operation of law, as by vesting of title by descent." This possibly might have been a defense to the action. It could only have been raised by the defendants. Not only have the defendants not made this defense, but they expressly state in their brief that the purchase price of the automobile was paid for by both the father and the son. This admission would preclude any theory that the automobile was acquired by the co-owners except by mutual consent.