**In re RUSTIGIAN.**

No. 5465.

District Court, S. D. California, N. D.

July 23, 1943.

Daniel I. Schnabel, of Los Angeles, Cal., for petitioner.

Fred J. Rogers and Matt Goldstein, both of Fresno, Cal., for debtors.

YANKWICH, District Judge.

On May 18, 1940, Miron Rustigian and Hagoohi Rustigian, his wife, debtors herein, filed their petition under Section 75 of the Bankruptcy Act of 1938, 11 U.S.C.A. § 203, claiming to be farmers and listing as real property one hundred acres of farm land in Madera County, California. On August 23, 1940, they filed an amended petition under Section 75, sub. s, and were adjudicated bankrupts. On July 21, 1941, E. B. Campbell petitioned this court for leave to institute action against the debtors and the bankrupt estate to quiet title to the farming property claimed by the debtors. Campbell based his claim upon an execution sale held on May 24, 1940, under a judgment obtained against one Harry Rustigian in the City and County of San Francisco. Permission to institute such action was granted on July 21, 1941, and the Conciliation Commissioner was directed to appoint a trustee for the bankrupt estate to represent it and "accept service of pleadings" in the litigation. On November 10, 1941, the order was amended by eliminating from it the direction to the Conciliation Commissioner of Madera County to appoint a trustee. Campbell instituted action in the Superior Court of California, for Madera County, on November 27, 1941. After issue joined, the cause was tried before the court with a jury and on November 29, 1942, the jury rendered a verdict in favor of the debtors. Thereafter the court granted a new trial, from which order an appeal is pending. During the pendency of these proceedings, the Conciliation Commissioner made two orders awarding Fred J. Rogers attorney's fees for services rendered as attorney for the debtor. The first order was dated February 25, 1942, and awarded him the sum of $750 as attorney's fees, without notice to anyone. The second order was dated November 25, 1942. It was preceded by a petition which sought the sum of $1,500 for the services of Frank Curran, David Peckinpah and Fred J. Rogers in the defense of the state action. Objections to the petition were filed by the Security-First National Bank of Los Angeles as secured creditor and the Bank of America National Trust and Savings Association, successor in interest and assignee of E. B. Campbell. A hearing was had upon the petition and objections. On November 25, 1942, the Conciliation Commissioner entered an order for the payment of the sum asked for to Fred J. Rogers alone, for $1,500. The money was paid to him on the same day. Up for review are the two orders, on the petition of the Bank of America National Trust and Savings Association, the other objector, the Security-First National Bank of Los Angeles, not having petitioned for review.

The debtors dispute the right of the petitioning bank to challenge the two orders. The bank was a claimant of the farming property of the debtor. Permission to institute action in the state courts to enforce its claim was granted by this court. He who claims the property of a debtor has a "controversy in bankruptcy". Bankruptcy Act, Sec. 24, 11 U.S.C.A. § 47; Hewit v. Berlin Machinery Works, 1904, 194 U.S. 296, 24 S.Ct. 690, 48 L.Ed. 986; Gibbons v. Goldsmith, 9 Cir., 1915, 222 F. 826. Consequently, although the claim in this case was asserted in a state court, such a claimant is adversely affected by an order allowing attorney's fees, which can only be paid from the income of the property which he claims.

The bank's review may, therefore, be entertained.

Coming now to the merits. The order of the Conciliation Commissioner entered on February 25, 1942, awarding Fred J. Rogers the sum of $750 as attorney's fees, cannot be reviewed now. The order was made ex parte. And while, as will appear further on, it was illegal, it cannot be challenged in the absence of a motion addressed to the Commissioner to vacate it. This seems to be the established rule in this and other circuits as to such orders. See 8 Remington on Bankruptcy, 5th Ed., Sec. 3703; In re Snyder, 9 Cir., 1925, 4 F.2d 627; In re Retail Chemists Corp., 2 Cir., 1933, 66 F.2d 605, 607.

Considering the order of the Conciliation Commissioner dated November 25, 1942, and which allowed Fred J. Rogers, attorney for the bankrupt, the sum of $1,500 as attorney's fees, we must bear in mind the general rule that fees of attorneys for a debtor in bankruptcy, rendered before bankruptcy, are limited strictly to services rendered in preparing the petition and schedules. Services rendered by such attorney after bankruptcy are compensable only if beneficial to the estate. I had occasion to treat this topic very fully in two opinions (see In re Owl Drug Co., D.C., Nev.1936, 16 F.Supp. 139, 145, 146; In re

Charles Ray Glass, D.C.Cal., 1942, 47 F. Supp. 428), so I need not repeat what is said there. The absence of findings of fact and conclusions of law as to this order, which is apparent on the face of the certificate, makes it invalid. The order made upon notice and after the filing of a petition and objections and, after the taking of testimony, was a trial "upon the facts", which required findings of fact and conclusions of law. Without them the order cannot stand. See Order 37, General Orders in Bankruptcy, 11 U.S.C.A. following section 53; Rule 52(a) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Perry v. Bauman, 9 Cir., 1941, 122 F.2d 409; In re Estate of Pendell, 1932, 216 Cal. 384, 14 P.2d 506; Diamond v. Grath, 1941, 46 Cal.App.2d 443, 447, 116 P.2d 114. However, assuming that this might be corrected, as suggested by the debtor, by reversing the order and sending it back to the Conciliation Commissioner for further proceedings, such disposition of the matter would be helpful only if the order were otherwise valid. But the order is unquestionably invalid, and cannot be legalized by findings, as it was an allowance of attorney's fees made to the attorney employed by the debtor without an order of court authorizing such employment as required by General Order 44, which makes such order upon a verified petition, the condition precedent to the employment of attorneys for a debtor in possession. While the inclusion of attorneys for debtors in possession in this Order is new, the order is of long standing. And courts have held repeatedly that failure to comply with it renders the payment of attorney's fees invalid, even when the services have benefited the estate. See: Weil v. Neary, 1929, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243; In re Eureka Upholstering Co., 2 Cir., 1931, 48 F.2d 95; In re Rogers Pyatt Shellac Co., 2 Cir., 1931, 51 F.2d 988; In re Progress Lektro Shave Corp., 2 Cir., 1941, 117 F.2d 602; Albers v. Dickinson, 8 Cir., 1942, 127 F.2d 957, 961. The attempt of the Conciliation Commissioner and the debtor to justify the allowance under Subdivision 1 of Section 64, sub. a(1), of the Bankruptcy Act of 1938, 11 U.S.C.A. § 104, sub. a(1), which gives priority to "the actual and necessary costs and expenses of preserving the estate subsequent to filing the petition", finds no justification in the law. This subdivision was Section 64, sub. b(1), of the old Bankruptcy Act. It has never been interpreted to apply to fees for unauthorized attorneys of a debtor, employed in litigation to preserve the debtor's title to property in his possession, title to which he claims. All authorities agree that the clause refers simply to physical acts of preservation of the property by caretakers and others. See: Gilbert's Collier on Bankruptcy, 4th Ed., Section 1304; 6 Remington on Bankruptcy, 4th Ed., Secs. 2634, 2635; and see In re Mitchell, 2 Cir., 1914, 212 F. 932.

Hence the following ruling:

The Order of the Conciliation Commissioner, dated February 25, 1942, is affirmed.

The Order of the Conciliation Commissioner, dated November 25, 1942, is reversed, and the attorney for the debtor, Fred J. Rogers, is hereby ordered, within ten days from the date hereof, to repay to the estate the sum of $1500.00.