Scileppi, J.
This action is brought against two brothers, co-owners of an automobile which struck and injured the plaintiff while being driven by her husband, Duane K. Payne. The evidence brought forth on the motion for summary judgment-shows that on the day of the accident respondent was at his regular place of employment. According to his practice, he had parked the car in the yard of a nearby gas station and had left the key in the ignition to facilitate movement by the service station owner, his brother’s employer. Defendant, an unlicensed driver, took the car, allegedly without his brother’s knowledge or consent, and in the hope of preventing the plaintiff, his wife, from removing furniture and personal belongings from his home. As he approached the house, he lost control of the car and struck the plaintiff. She thereupon commenced this action against both defendant and respondent, as co-owners of the vehicle. Concurrent with his amended answer and before disclosure could be had, respondent, Leonard B. Payne, moved for summary judgment. Special Term granted the motion on the merits, and dismissed the complaint as to respondent. On appeal, the Appellate Division affirmed, two Justices dissenting.
The sole question presented is whether the trial court erred in granting respondent’s motion to dismiss. Plaintiff argues, an earlier case aside, that an absent co-owner is liable pursuant to section 388 of the Vehicle and Traffic Law, for damages caused by the negligence of an operating co-owner, although the driver was acting without the former’s knowledge or consent, and in pursuit of his own affairs, and would have us hold that it is both logical and valid to conclude that in the case of co-owners, there is an implied mutual consent to use and operation by either.
As early as 1929, in the case of Leppard v. O’Brien (252 N. Y. 563, affg. 225 App. Div. 162), this court was called upon to consider the question of whether section 282-e of the Highway Law, predecessor to the current section 388 of the Vehicle and Traffic Law, contemplated visiting vicarious liability upon a co-owner for the negligence of the other co-owner. That *403 section, like its present counterpart, imposed liability only where the owner consents either expressly or impliedly, to the use of his vehicle by another. The object of the statute itself was merely ‘1 to prevent an owner who had given permission, express or implied, for the use of his car from escaping liability by saying that it was not being used in his business ” (Leppard v. O’Brien, 225 App. Div. 162, 164-165, affd. 252 N. Y. 563, supra). The fact of consent is just as important as that of ownership, for it is the owner’s permission which is made the basis of liability (Leppard v. O’Brien, 225 App. Div. 162, 165, affd. 252 N. Y. 563, supra; Fluegel v. Coudert, 244 N. Y. 393; Psota v. Long Is. R. R. Co., 246 N. Y. 388; Mills v. Gabriel, 259 App. Div. 60, 61, affd. 284 N. Y. 755; see, also, Krum v. Malloy, 22 Cal. 2d 132; 60A C. J. S., Motor Vehicles, § 442, subd. [6]).
Reasoning that, as between co-owners, each in the eyes of the law had title and possession without the permission of the other and that ‘ ‘ neither of them could so control possession and operation of the car as to deny permission to the other”, the Appellate Division had concluded that in the absence of a clear legislative intent it would be inconceivable to impose liability ‘ ‘ upon one who could not prevent or control the use or operation of his car by withholding permission ” (225 App. Div. 162, 165, supra), and reversed an order denying the defendants’ motion to dismiss. On appeal, we affirmed without opinion (252 N. Y. 563).
Although joint ownership, importing as it does, a unity of title, interest and possession (Matter of McKelway, 221 N. Y. 15), by its very nature is said to preclude either the granting or withholding of permission, it is similarly well settled that none is entitled to a possession which excludes for any period of time a like possession or usage by his co-owners. None would dispute, therefore, the fact that co-ownership, may, and typically does, carry with it an ancillary agreement regulating the use of property so held. To that extent, involving as it does, not only the voluntary and purposeful creation of the legal incidents of common ownership, but also an agreement regulating the use of subject property, it may well be argued that each owner has “ consented ” to the use of the property by the other.
*404 On the other hand, though it is true that co-ownership may import at least a tacit understanding that the use of one shall be to the exclusion of the other, “ [t]he fair inference is that they simply expressed their * * * respective rights in conformity with the law relating to their status as joint owners. Their common understanding neither added to nor subtracted anything from the rights which the law gave them. Each * * * had title and possession without the permission of the other and used it in his own right; neither * * * could so control possession and operation of the car as to deny possession to the other” (Leppard v. O’Brien, 225 App. Div. 162, 165, supra). Simply put, mere accession to the legal rights of another co-owner, is arguably not “permission” within the contemplation of section 388.
Plaintiff argues that in the case of co-owners this implied mutual consent does serve as the predicate of liability and refers us to Krum v. Malloy (22 Cal. 2d 132, supra), construing California’s equivalent to section 388 (see California Vehicle Code, § 17150). In that case, the Supreme Court of California, reversing a judgment which relieved an absentee co-owner of liability because the other co-owner was operating the vehicle in his own right, held that although each co-owner is entitled to possess and use the whole, no co-owner is entitled to a possession which excludes a like possession by the other co-owner. Hence, a co-owner who desires its exclusive possession and usage for a time, would need the permission, express or implied, of his co-owner (Krum v. Malloy, 22 Cal. 2d 132, 135). That inference, however, is not conclusive and may be rebutted by a proper showing: “ In the absence of other evidence upon the issue, an inference normally would arise, upon proof of co-ownership and use of personal property by one co-owner, that such usage was lawful and with the consent of the absent co-owner, but this inference would not be conclusive. For example, one of the owners in common of an automobile, who by agreement with his co-owner has no right to operate it, takes it without the knowledge or actual consent or negligent omission of his co-owner. He, the operator in this supposed example, who has never used the vehicle before, might not possess an operator’s license; he might be an infant, an incompetent, an imprisoned felon, blind, or lacking other natural *405 faculties. It would scarcely be a reasonable inference (from evidence showing merely the fact of co-ownership and a single, isolated usage) that one co-owner of an automobile had consented to the operation of the common property by another co-owner who did not possess an operator’s license, or who was a four-year-old infant, a known imbecile, a prisoner who had escaped without the knowledge of the co-owner, or utterly blind. In other words, it is a question of fact in cases of co-ownership, as it is in cases of single ownership, whether the operation of an automobile is with or without the consent, express or implied, of an owner who is not personally participating in such operation” (id., pp. 135-136).
Considering the broad remedial purposes of the legislation, that the innocent victim is not to go without recompense (see Abbott v. Page Airways, 23 N Y 2d 502, 507; Dobkin v. Chapman, 21 N Y 2d 490), we prefer to treat the question of “consent ” as one of fact, which in the absence of other evidence would be established inferentially upon proof of co-ownership and use. To the extent that our affirmance in Leppard v. O’Brien suggests to the contrary, it is overly restrictive and should be overruled.
The presumption normally arising upon proof of co-ownership and use, however, is not conclusive and may be rebutted by a showing that the common owners have not in fact consented among themselves to possession and use by both (see Krum v. Malloy, 22 Cal. 2d 132, 135, supra; Wilcox v. Berry, 32 Cal. 2d 189; Caccamo v. Swanston, 94 Cal. App. 2d 957; Cooke v. Tsipouroglou, 59 Cal. 2d 660). The burden of proof is always on the plaintiff and is met in the first instance by the presumption arising upon proof of co-ownership. The defendant destroys that presumption where he introduced substantial evidence to the contrary (Piwowarski v. Cornwell, 273 N. Y. 226). Circumstances alone might be such as to rebut the inference. For instance, it would be unreasonable to infer upon proof of co-ownership that one co-owner of an automobile had consented to the operation of the common property by another who lacks the natural facilities to do so, or where the co-ownership itself did not arise by mutual consent, but owes its existence to the operation of law (Krum v. Malloy, 22 Cal. 2d 132, 136, supra). In such a situation the question of whether *406 one has consented to the use by another, as in cases of single ownership, is one of fact to be resolved by the trier of fact (cf. St. Andrassy v. Mooney, 262 N. Y. 368; Chaika v. Vandenberg, 252 N. Y. 101; People v. Langan, 303 N. Y. 474; Piwowarski v. Cornwell, 273 N. Y. 226, supra; see also, Krum v. Malloy, 22 Cal. 2d 132, 136, supra).
Here plaintiff has introduced evidence of co-ownership and use and, though the presumption arising therefrom is-not conclusive, in the absence of other evidence on the issue, she would be entitled to summary judgment. It appears from the record, however, that the driver was unlicensed and as this fact serves to rebut the presumption arising upon proof of co-ownership and use (see Krum v. Malloy, 22 Cal. 2d 132, supra), the matter should have been allowed to proceed to trial.
Accordingly, the order appealed from should be reversed and the matter remitted for a full trial upon all the issues.
Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, with costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein.