[No. A031991. First Dist., Div. Three. Nov. 5, 1985.]

JAMES FRANK METTELKA, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
JOSEPH RALPH GRECO, SR., Real Party in Interest.

**COUNSEL**

Manuel Glenn Abascal and Ann Flower Cumings for Petitioner.

No appearance for Respondent.

David A. Gifford, Jane S. Blumberg and Ericksen, Arbuthnot, Walsh, Paynter & Brown for Real Party in Interest.

**OPINION**

**BARRY-DEAL, J.**—This petition for writ of mandate raises the issue of whether one co-owner of a vehicle may negligently entrust the co-owned vehicle to another co-owner. The issue arises because the superior court barred a negligent entrustment cause of action for the sole reason that the defendants' car was co-owned by the driver and his father. We conclude that a cause of action was stated for negligent entrustment by the father.

Petitioner's original complaint named Joseph Ralph Greco, Jr., and Doe defendants and alleged that defendants "and each of them, so carelessly and negligently owned, operated, maintained, controlled and entrusted a certain 1968 Chevrolet automobile so as to cause said vehicle to come into collision with the automobile driven by plaintiff, thereby causing the injuries and damages herein . . . ."

On May 15, 1985, prior to the expiration of the statute of limitations, petitioner moved for permission to file a first amended complaint substituting Joseph Ralph Greco, Sr., in place of Doe One and adding causes of action against him based upon his ownership and alleged negligent entrustment of the vehicle. The proposed amended complaint alleged that the subject vehicle was co-owned by Joseph Ralph Greco, Sr., and Joseph Ralph Greco, Jr., who resided together, and that Joseph Ralph Greco, Sr., "aided, assisted, and facilitated Joseph Ralph Greco, Jr.'s having said vehicle and insurance thereon by providing funds to purchase and maintain the vehicle and the insurance." It also alleged that ". . . Joseph Ralph Greco, Sr., at all times herein mentioned, ratified Joseph Ralph Greco, Jr's [sic] careless and reckless operation of the said vehicle: Joseph Ralph Greco, Sr. had actual power over the use of the vehicle by Joseph Ralph Greco, Jr. and, at all times herein mentioned, Joseph Ralph Greco, Jr. operated the vehicle with the express and/or implied consent of Joseph Ralph Greco, Sr." The proposed amended complaint further alleged Joseph Sr.'s knowledge and/or constructive knowledge that his son was an unsafe driver and his failure to exercise control over his son's use of the vehicle.

In another cause of action, the proposed amended complaint sought to recover from Joseph Ralph Greco, Sr., under Vehicle Code section 17150[1] for injuries resulting from operation of the vehicle with Joseph, Sr.'s permission.

Joseph Ralph Greco, Jr., opposed the motion to amend, contending that one co-owner could not be held liable for negligent entrustment of the co-owned vehicle to the other co-owner. After hearing, the court denied the motion to amend on the negligent entrustment count, but permitted petitioner to add a cause of action against Joseph, Sr., under Vehicle Code section 17150. This petition followed.

> *Did the court err in concluding that co-ownership by father*
> *and son barred recovery on a negligent entrustment theory?*

■ In *Syah* v. *Johnson* (1966) 247 Cal.App.2d 534, 539 [55 Cal.Rptr. 741], a leading case on negligent entrustment, the court explained that: " 'It

---

[1]Vehicle Code section 17150 provides: "Every owner of a motor vehicle is liable and responsible for death or injury to person or property resulting from a negligent or wrongful act or omission in the operation of the motor vehicle . . . by any person using or operating the same with the permission, express or implied, of the owner."

is generally recognized that one who places or entrusts his [or her] motor vehicle in the hands of one whom he [or she] knows, or from the circumstances is charged with knowing, is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by that driver, provided the plaintiff can establish that the injury complained of was proximately caused by the driver's disqualification, incompetency, inexperience or recklessness . . . .

■ " 'Liability for the negligence of the incompetent driver to whom an automobile is entrusted does not arise out of the relationship of the parties, but·from the act of entrustment of the motor vehicle, with permission to operate the same, to one whose incompetency, inexperience, or recklessness is known or should have been known by the owner.' (5A Am.Jur., Automobiles and Highway Traffic, § 580, pp. 590-591; see also 8 Am.Jur.2d, Automobiles and Highway Traffic, §§ 561, 573; 60 C.J.S., Motor Vehicles, § 431.)

■ "Under the theory of 'negligent entrustment,' liability is imposed on vehicle owner or permitter because of his [or her] own independent negligence and not the negligence of the driver, in the event plaintiff can prove that the injury or death resulting therefrom was proximately caused by the driver's incompetency."

■ The trial court's order denying leave to amend has prevented petitioner from asserting a cause of action for negligent entrustment, leaving him to recover at most $15,000 from Joseph Ralph Greco, Sr., under Vehicle Code sections 17150 and 17151[2] based upon his co-ownership of the subject vehicle. Real party justifies the court's ruling by asserting that "[e]ach owner of property in common is entitled to possess and use the whole property." He argues that because both co-owners had the right to use the vehicle, neither needed permission from the other to use it, and no act of entrustment could have occurred.

We do not consider the specifics of petitioner's proposed amended pleading. The court's order denying leave to amend can be sustained only if real party is correct that regardless of how pleaded, the fact of co-ownership by the driver bars recovery on the negligent entrustment theory. If co-owner negligent entrustment is a viable theory, petitioner should have been permitted to file the amendment and defend the specific allegations in later proceedings.

---

[2]Vehicle Code section 17151 states the limit of $15,000 on statutory recovery for one person injured in any one accident.

The viability of the co-owner negligent entrustment theory depends upon the validity of real party's assumption that one co-owner may not control another co-owner's use of the co-owned vehicle. The Supreme Court in *Krum* v. *Malloy* (1943) 22 Cal.2d 132 [137 P.2d 18] showed that real party's assumption is unwarranted.

In *Krum* the plaintiffs sought to recover under section 402 of the Vehicle Code (the precursor to Veh. Code, § 17150) for injuries caused when defendant's father negligently drove a vehicle co-owned by defendant and his father. Section 402 provided then, as section 17150 does now, that every owner of a motor vehicle was liable up to a statutory limit for injury to person or property resulting from negligent operation of the vehicle by any person operating the vehicle with the owner's express or implied permission.

In *Krum* the trial court found that father and son co-owned the auto, but made no finding concerning consent to drive, and returned a verdict for the defendant. On appeal, the *Krum* court found reversible error in failing to find directly on the issue of consent. It explained the law as follows: "The finding that Claire and Paul were co-owners of the automobile is not the equivalent of a finding that Paul's operation of the car either was with, or was without, the permission of Claire. It is true that the power to permit is the correlative of the power to forbid (see *People* v. *Forbath* (1935), 5 Cal.App.2d Supp. 767, 769 . . .), and that each owner of property in common is entitled to possess and use the whole property (*Ochoa* v. *McCush* (1931), 213 Cal. 426, 431 . . .). It is also true that the possession of one co-owner is regarded as possession for all (*Foss* v. *Central Pac. R. R. Co.* (1935), 9 Cal.App.2d 117, 120 . . .), but none is entitled to a possession or usage which *excludes* for any period of time a like possession or usage by his [or her] co-owners (*Wood* v. *Henley* (1928), 88 Cal.App. 441, 452 . . .; *Johns* v. *Scobie* (1939), 12 Cal.2d 618, 623 . . .). The cases above cited, dealing with the incidents of co-ownership, arose from cotenancies in real estate, but as cotenancy may exist in personal property as well as in real property (*Higgins* v. *Eva* (1928), 204 Cal. 231, 239 . . .; *Haster* v. *Blair* (1940), 41 Cal.App.2d 896, 898 . . .) their holdings are pertinent to our discussion. A co-owner, therefore, of an automobile, who desired its exclusive possession and usage for a time, would need the permission, express or implied, of his [or her] co-owners to that end.

"In the absence of other evidence upon the issue, an inference normally would arise, upon proof of co-ownership and use of personal property by one co-owner, that such usage was lawful and with the consent of the absent co-owner, but this inference would not be conclusive. For example, one of the owners in common of an automobile, who by agreement with his [or

her] co-owner has no right to operate it, takes it without the knowledge or actual consent or negligent omission of his [or her] co-owner. He [or she], the operator in this supposed example, who has never used the vehicle before, might not possess an operator's license; he [or she] might be an infant, an incompetent, an imprisoned felon, blind, or lacking other natural faculties. It would scarcely be a reasonable inference (from evidence showing merely the fact of co-ownership and a single, isolated usage) that one co-owner of an automobile had consented to the operation of the common property by another co-owner who did not possess an operator's license, or who was a four-year-old infant, a known imbecile, a prisoner who had escaped without the knowledge of the co-owner, or utterly blind. In other words, it is a question of fact in cases of co-ownership, as it is in cases of single ownership, whether the operation of an automobile is with or without the consent, express or implied, of an owner who is not personally participating in such operation. The mere fact of co-ownership does not necessarily or conclusively establish that the common owners have consented to any usage or possession among themselves of a type for which permission is essential. Indeed, the creation of the co-ownership itself may not have been by mutual consent. It could arise by operation of law, as by vesting of title by descent." (*Krum* v. *Malloy, supra,* 22 Cal.2d at pp. 135-136.)

It is apparent from the *Krum* court's discussion that the mere fact of co-ownership does not prevent one co-owner from controlling use of the vehicle by the other co-owner. Thus, where, as here, plaintiff alleges that one co-owner had power over the use of the vehicle by the other and that the negligent co-owner drove with the express or implied consent of such controlling co-owner, who knew of the driver's incompetence, the basis for a cause of action for negligent entrustment has been stated. The trial court erred in denying leave to amend.

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order denying in part leave to amend and to enter a new order granting the motion for leave to amend to add a negligent entrustment cause of action.

Scott, Acting P. J., and Merrill, J., concurred.