Ronald W. McGUINESS

v.

**BRINK'S INCORPORATED**

No. Civ. Y–98–727.

United States District Court,
D. Maryland.

Aug. 20, 1999.

Ronald S. Landsman, Baltimore, Maryland, for plaintiff.

Keith J. Harrison, Washington, DC; Jeffrey W. King, Washington, DC; and Cheryl A. Maier, Washington, DC, for defendant.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

This matter is before the Court on the defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff, Ronald W. McGuiness ["McGuiness"], asserts claims of common law negligence, negligent entrustment, and negligent hiring and retention against the defendant, Brink's Incorporated ["Brink's"].

A motion to dismiss for failure to state a claim is reviewed under the long-established standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of the facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Brooks v. City of Winston–Salem, North Carolina*, 85 F.3d 178, 181 (4th Cir.1996). Moreover, the Court must take all the allegations of the plaintiff as true and construe the Complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Finlator v. Powers*, 902 F.2d 1158 (4th Cir.1990)

### II.

Brink's is in the business of transporting, protecting and storing the coin, currency, negotiable instruments and other valuables of its customers. On or about December 16, 1994, Brink's and one of its employees, Norma Jean Brashear, applied for and submitted an application for a handgun permit to the Maryland State Police department indicating that Brashear was in line to be promoted to a driver and/or messenger. Such a position would require Brashear to pick-up and deliver valuables, necessitating the carrying of a firearm. The Maryland Police approved the handgun permit for Brashear on or about February 15, 1995. The license permitted Brashear to carry her firearm between her residence and the Brink's office while actively engaged as an armored car guard and/or driver and while on duty as a Brink's employee.

On August 25, 1995, Raymond Ratliff shot and injured the plaintiff, Ronald McGuiness. The assailant shot McGuiness with the firearm owned by Brink's and issued by Brink's to Brashear. The plaintiff alleges that the weapon used by Ratliff in the shooting was provided to Ratliff with the full permission of Brashear. At the time of the shooting, Ratliff and Brashear, who were cohabitating, were allegedly driving around in an attempt to make a drug deal. Allegedly, Ratliff used the gun

to warn McGuiness, who was approaching their vehicle, to stay away. When he did not, Ratliff shot him.

McGuiness was shot in his left shoulder, which resulted in paralysis on his left side due to the bullet lodged in his spinal column. McGuiness is suing for past and future lost wages, mental anguish, pain and suffering, and future miscellaneous losses. McGuiness seeks $5,000,000.00 for each count in his Complaint.

## III.

### COUNT I—NEGLIGENCE

Count I is a claim of negligence against Brink's for the shooting of McGuiness by a third party. Under Maryland law, there is no special duty to protect another from criminal acts by a third person, in the absence of a statute or a special relationship. *Scott v. Watson,* 278 Md. 160, 166, 359 A.2d 548, 552 (citing Restatement (Second) of Torts § 315 (1965)).

McGuiness argues that Brink's had a duty to safely control a dangerous instrumentality affirmatively placed in the public sector as a condition of employment of Brashear, thereby creating a dangerous agency. It is the plaintiff's position that when a dangerous instrumentality such as a firearm is involved, the duty owed is a duty to the public at large and that there need be no special relationship as argued by the defendant.

The Maryland Court of Appeals has recently rejected such a high standard for firearms. *Valentine v. On–Target, Inc.,* 353 Md. 544, 727 A.2d 947 (Md.1999). In *Valentine,* the defendant was a gun retailer who had two guns stolen from the store. An unknown assailant used one of the stolen guns and killed the plaintiff's wife. The court ruled that "although the inherent nature of guns suggests that their use may likely result in serious personal injury or death to another," this does not create a duty to third persons. *Id.* at 556, 727 A.2d at 953. To find such a duty, the court held, would effectively be "regulating the merchant. This type of regulation is the

realm of the legislature and is not appropriate as judicial enactment." *Id.*

Hence, the question is whether there should be more liability for issuing a handgun to a properly-permitted employee than displaying weapons for sale to the public as in *Valentine.* It is arguable that Brink's would have a duty where a shop owner would not. A shop owner sells firearms to any person meeting the state permit requirements. Brink's supplies firearms to its employees to be used to further Brink's interest as an employer. When uniformed Brink's employees carry their weapons, they are representing Brink's. A company should have more control over its employees than over its customers. Hence, a company is more accountable for the actions of its employees than for the actions of its customers. Nonetheless, it is unnecessary to determine what duty Brink's had to third parties. The factual scenario at issue precludes a finding of liability due to lack of proximate cause.

To proceed to trial, McGuiness needs to plead that Brink's breached a duty owed and that that breach was the proximate cause of his damages and was not "interrupted by a break in the chain of causation." *Liberto v. Holfeldt,* 221 Md. 62, 65, 155 A.2d 698, 700 (1959). Even if Brinks were found to have a duty to an unrelated third-party, there is no indication in this case that Brinks was the direct or proximate cause of McGuiness' injury.

"Ordinarily, the question of whether causation is proximate or superseding is a matter to be resolved by the jury. Only if the evidence can lead to no other conclusion, can the matter be decided as a matter of law." *May v. Giant Food, Inc.,* 122 Md.App. 364, 383, 712 A.2d 166, 175 (1998) (citing *Baltimore Gas & Elec. Co. v. Lane,* 338 Md. 34, 52–53, 656 A.2d 307 (1995); *Suburban Trust Co. v. Waller,* 44 Md.App. 335, 347, 408 A.2d 758 (1979) ) *cert. denied,* 351 Md. 286, 718 A.2d 234 (1998).

Brink's argues that two actions supersede any liability of Brink's. First, Brashear illegally lent her weapon to Ratliff and

second, Ratliff criminally shot the plaintiff. Brink's argues that there is no liability where the intervening act is neither invited by nor an ordinary response to the original act. *See Henry v. Merck & Co.*, 877 F.2d 1489, 1495 (10th Cir.1989). For example, using a car to run someone down is not what one normally does with a car. However, while shooting someone may not be what everyone with a firearm does, is it arguably the intended usage of the instrumentality.

■ In *Hartford Insurance Co. v. Manor Inn of Bethesda*, 335 Md. 135, 642 A.2d 219 (1994), the Maryland Court of Appeals held that unforeseeable criminal acts break the chain of causation, relieving the original negligent actor of liability. In *Hartford*, the defendant's employee left a van unattended with the doors unlocked and the keys in the ignition. *See id.* at 138, 642 A.2d at 221. The van was stolen and negligently driven into the injured party's car. *See id.* at 140, 642 A.2d at 221. The court found the defendant could have anticipated and prevented the theft of the car. *See id.* at 160, 642 A.2d at 231. The *Hartford* court assumed that this was negligent, but found that the negligent driving was not foreseeable, and was hence a superseding cause of injury relieving the employer of liability. *See id.* "[L]iability may not be imposed if for example the negligence of one person is merely passive and potential, while the negligence of another is the moving and effective cause of the injury...." *Id.* at 156, 642 A.2d at 230 (quoting *Peterson v. Underwood*, 258 Md. 9, 16, 264 A.2d 851, 855 (1970)).

■ In the instant case, there are two independent causes of the injury: (1) the illegal loan of the weapon and (2) Ratliff's subsequent criminal use of it to shoot the plaintiff. Brashear affirmatively took action by criminally lending her firearm to the assailant. Ratliff then criminally shot the victim. The Court finds this scenario unforeseeable and far too attenuated to hold Brink's liable. As discussed, *supra*, Maryland law holds that unforeseeable criminal acts supersede liability. While it may be that Brink's is subject to a higher standard of liability for a firearm than for an automobile, it is not so high as to hold Brink's liable where there are two unforeseeable criminal actions. The actions of Brink's are not the proximate cause of Ratliff's injury and hence, Brink's is not liable for negligence as a matter of law.

## COUNT II—NEGLIGENT ENTRUSTMENT

Count II is based on a theory of negligent entrustment of a firearm. The tort of negligent entrustment was first recognized by the Maryland Court of Appeals in *Rounds v. Phillips*, 166 Md. 151, 160–61, 170 A. 532 (1934). *See Mackey v. Dorsey*, 104 Md.App. 250, 257, 655 A.2d 1333 (1995). Maryland has adopted the Restatement (Second) of Torts § 390 (1965) as its standard for negligent entrustment. *See id.* Section 390 states:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

McGuiness alleges that there was a negligent entrustment of a firearm from Brink's to Brashear and that the issuance of the firearm to Brashear enhanced the likelihood and/or risk that a third person would use the firearm to harm the public at large and/or the plaintiff in particular. Brink's argues this theory seeks to expand the negligent entrustment doctrine to include a vicarious liability component that the doctrine does not contemplate. Brink's argues that the risk of harm encompassed by the negligent entrustment doctrine is harm caused by the one to whom the gun was supplied—the entrustee.

The Maryland Court of Special Appeals "recently clarified the elements of negli-

gent entrustment in *Wright v. Neale,* 79 Md.App. 20, 28, 555 A.2d 518, *cert. denied,* 316 Md. 508, 560 A.2d 41 (1989) as:

■ (1) The making available to another a chattel which the supplier

(2) knows or should have known the user is likely to use in a manner involving risk of physical harm to others

(3) the supplier should expect to be endangered by its use."

*Mackey v. Dorsey,* 104 Md.App. at 258, 655 A.2d at 1337. "The principal feature of this tort is the knowledge of the supplier concerning the likelihood of the person to whom he entrusts the chattel to use it in a dangerous manner." *Id.* at 258, 655 A.2d at 1337–38 (citations omitted).

■ "The cause of action for negligent entrustment is based on the requisite knowledge of the supplier of the chattel. If the supplier knows or should know of the entrustee's propensities to use the chattel in an improper or dangerous manner, the entrustor owes a duty to foreseeable parties to withhold the chattel from the entrustee." *Herbert v. Whittle,* 69 Md. App. 273, 279, 517 A.2d 358, 361 (1986).

■ McGuiness alleges that Brink's had reason to know that Brashear, due to "reckless and unstable propensities," was liable to use the firearm in a manner involving unreasonable risk of physical harm to others. "The entrustor may be charged not only with what he or she actually knew, but with what he or she should have known." *Id.* at 282, 517 A.2d at 362 (citation omitted). If the circumstances suggest that further inquiry is appropriate and the entrustor fails to make a reasonable investigation, the entrustor may be liable. *See id.* (citation omitted). The question is whether the plaintiff has alleged any facts, which if assumed to be true, would indicate that Brink's knew or should have known that Brashear was in any way incompetent.

The plaintiff avers that at the time Brink's hired Brashear until after the time when McGuiness was shot, Brashear used crack cocaine on a daily basis. Brashear allegedly was a daily abuser of alcohol and frequently used marijuana during that time period. At no time during Brashear's employment with Brink's did Brink's subject her to a drug screening test. Furthermore, Brashear allegedly used a cellular telephone issued by Brink's to send and receive calls related to cocaine and marijuana sales. This allegedly took place in the four months preceding the shooting. These calls were apparently frequently late at night.

"[O]ne who supplies a chattel for the use of another who knows its exact character and condition is not entitled to assume that the other will use it safely if the supplier knows or has reason to know that such other is likely to use it dangerously, as where the other belongs to a class which is notoriously incompetent to use the chattel safely, or lacks the training and experience necessary for such use, or the supplier knows that the other has on other occasions so acted that the supplier should realize that the chattel is likely to be dangerously used, or that the other, though otherwise capable of using the chattel safely, has a propensity or fixed purpose to misuse it." Restatement (Second) of Torts § 390 cmt. b (1965). Certainly, a drug addict/dealer may have a fixed purpose for a firearm.

"In the context of supplying an automobile to an incompetent driver, the Court of Appeals in *Morrell,* 279 Md. at 503–04, 366 A.2d 1040 stated: '[T]he doctrine requires scienter and has been applied in cases involving automobiles where the owner knew or should have known that the use of the entrusted car by the entrustee would likely involve unreasonable risk.'" *Herbert,* 69 Md.App. at 279–80, 517 A.2d at 361. The important wording to note is "in cases involving automobiles." Certainly, public policy may dictate another standard for entrustment of firearms.

Brink's argues that it cannot be held liable for negligent entrustment because it was Ratliff and not Brashear, the entrustee, who caused the injury. The classic example in the Restatement (Second) of

Torts § 390 cmt. d is where A permits B, an inexperienced driver, to use his car. B invites C, who knows of his inexperience, to drive with him. While driving, B crashed into D, harming both B and C. In this example neither B nor C may recover against A, but A is subject to liability to D. Hence, if Brashear herself had shot the victim, Brink's could be liable for negligent entrustment if McGuiness were able to prove that it was negligent to entrust Brashear with the gun. However, in this case, A gave the gun to B who then in turn gave it to C who shot D. If such a scenario transpired in the automobile case, it seems that A would not be liable because it is too far attenuated.

"In *Curley*, the Court of Appeals did recognize 'that the entrustor is only responsible for the subsequent negligent acts of the entrustee if a reasonable man could have foreseen the negligent acts....' (citation omitted) Similarly, in *Kahlenberg*, the Court again asserted that the liability of the entrustor is based 'upon the negligent entrustment when it operates as a concurrent cause with the negligence of the entrustee.' (citation omitted) The language in these two cases suggest that the entrustee, of legal necessity, must be negligent for the cause of action of negligent entrustment to arise. Whether the exceptions stated in Comment c to the Restatement or any other exception will be applied in Maryland will have to be decided in another case on another day." *Herbert*, 69 Md. App. at 281, 517 A.2d at 362. However, there may be something different about the nature of a firearm which would lead to another conclusion.

■ Nonetheless, as above, there is no proximate cause. If Brashear had done the shooting, then this matter may have gone to the jury. However, because she did not, the count must be dismissed.

### COUNT III—NEGLIGENT HIRING/RETENTION

■ Count III asserts a negligent hiring/retention claim. Maryland has recognized that an employer has an obligation to the public to use due care in selecting and retaining only competent and careful employees. *See Henley v. Prince George's County*, 60 Md.App. 24, 36, 479 A.2d 1375, 1382 (1984) (citations omitted), *aff'd in relevant part*, 305 Md. 320, 503 A.2d 1333 (1986). To maintain a cause of action for negligent hiring/retention under Maryland law, the plaintiff must establish: (1) that Brashear was an employee of Brink's; (2) that Brashear was incompetent (3) Brink's actual or constructive knowledge of that incompetence; (4) Brashear's act or omission caused the plaintiff's injury and (5) that Brink's' negligence in hiring or retaining Brashear was the proximate cause of the plaintiff's injury. *See id.* (citation omitted).

The Complaint states that Brink's knew or should have known she was reckless, negligent and/or otherwise incompetent and that she was potentially dangerous because she habitually failed at the end of her work shift to return the handgun issued to her by Brink's. Complaint at 52–53. The plaintiff argues that Brink's negligently retained Brashear because had Brink's performed drug screening, the tests allegedly would have revealed that Brashear had a chronic substance abuse problem for at least the four months prior to the shooting.

■ As with the first two counts, the issue of causation persists. The fourth element of negligent hiring or retention requires that the employee's action be the cause of the plaintiff's injury. Brashear gave her firearm to Ratliff. It was Ratliff's criminal act which caused Ratliff's injury, not Brashear's action. The fifth element requires that Brink's proximately caused McGuiness' injury. As discussed previously, no action of Brink's proximately caused the plaintiff's injury. Accordingly, Count III, Negligent Hiring/Retention, must be dismissed.

### IV.

In summary, the Court finds that no action of Brink's proximately caused the plaintiff's injury. Accordingly, these com-

plaints are dismissed with prejudice. Based on the foregoing analysis, the defendant's Motion to Dismiss is hereby granted.

### ORDER

In accordance with the attached Memorandum, it is this 20th day of August 1999, by the United States District Court for the District of Maryland, ORDERED:

1. That the Defendant's Motion to Dismiss BE, and the same IS, hereby GRANTED; and

2. That judgment BE, and the same hereby IS, ENTERED in favor of the Defendant; and

3. That the copies of this Memorandum and Order be mailed to counsel for the parties.